

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:09-cr-0406-TCB |
| RUFUS PAUL HARRIS, ) | |
| BENJAMIN STANLEY and ) | |
| DARRYL HORTON, ) | |
| ) | |
| Defendants. ) | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury: It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

### The Duty to Follow Instructions and the Presumption
### Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against any Defendants is not evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify.  If a Defendant chooses not to testify, you cannot consider that in any way while making your decision.

The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendants not guilty.

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendants' guilt.

2

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. A reasonable doubt may arise not only from the evidence produced at trial, but from a lack of evidence, for the law does not impose on the Defendants the duty of producing any evidence.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

4

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Law Enforcement Witnesses

Because a particular witness may be a law enforcement officer, that does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact. It is legitimate for counsel to attack or question the credibility of such a government employee on the ground that his or her testimony may be colored by personal or professional interest in the outcome of this case.

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Introduction to Offense Instructions

The indictment charges seven separate crimes, called "counts," against Defendants Stanley, Horton and Harris, and an eighth separate crime against Defendant Harris.  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

I will explain the law governing those counts in a moment.

Count 1 charges that the Defendants knowingly and willfully conspired to (1) knowingly and willfully execute and attempt to execute a scheme to defraud with regard to the publicly-traded securities of Conversion Solutions Holdings Corporation ("CSHC"), in violation of Title 18, United States Code, Section 1348, and (2) devise and intend to devise a scheme and artifice to defraud with regard to the publicly-traded securities of CSHC, in violation of the wire fraud statute, Title 18, United States Code, Section 1343.

Counts 2 through 7 charge that Defendants committed what are called "substantive offenses," specifically, securities fraud, in violation of Title 18, United States Code, Sections 1348 and 2, and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

Count 8 charges only Defendant Rufus Paul Harris with false certification of a financial statement, in violation of Title 18, United States Code, Sections 1350(c)(1).   I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in count 1 with committing a substantive offense—they are charged with conspiring to commit that offense.

I will also give you specific instructions on conspiracy.

### On or About a Particular Date; Knowingly

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the offense occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

### Caution: Punishment
### (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant

8

separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

### Similar Acts Evidence

During the trial, you heard evidence of acts done by the Defendant on other occasions that may be similar to acts the Defendant is currently charged with. You must not consider any of this evidence to decide whether the Defendant committed the acts charged now. But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that the Defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the Defendant had

9

the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

## Aiding and Abetting; Agency
## (Counts Two Through Seven)

In this case, Defendants are charged in counts 2 through 7 with aiding and abetting others known and unknown in the commission of the offenses charged in the Indictment.

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person he intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if he aids and abets the other person. A Defendant is also responsible if he willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that he was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## Good-Faith Defense

Good faith is a complete defense to the charges in the indictment since good faith is inconsistent with intent to defraud or willfulness, which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent—even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

11

## Theory of Defense Instruction

Mr. Harris has pled not guilty to all counts of the indictment. I have instructed you that the burden of proof rests on the Government to prove every element of each count beyond a reasonable doubt. Mr. Harris's defense is that he never conspired to commit fraud, securities law violations, or any of the other alleged offenses of the conspiracy, and that he never committed any of the substantive offenses alleged, or aided or abetted in the commission of those offenses.

Specifically, by his plea of "not guilty" Mr. Harris has denied knowledge of any of the alleged misconduct about which you have heard testimony. With respect to counts 1 through 7, if you believe that the Government has not proven beyond a reasonable doubt that Mr. Harris had knowledge of the fraud and willfully participated in it, then you must acquit him. Mr. Harris could be aware of some of the conduct but not necessarily have enough knowledge or fully understand the implications of that knowledge sufficiently for you to conclude he acted willfully. Remember that I have also instructed you that just because someone's conduct appears to assist or advance some illegal act does not, by itself, mean that the Defendant was acting knowingly and willfully as the law requires.

12

If Mr. Harris had a good faith belief that the financial statements, press releases, annual reports, SEC filings, and Sarbanes-Oxley certifications were true and accurate in every material respect, then that belief would negate the mental state the Government is required to prove.

In determining Mr. Harris's claimed good faith belief, you may consider—but are not bound by or limited to—whether Thomas Benson, the outside auditor, also believed that the certifications and statements were accurate. In determining whether Mr. Harris had such a good faith belief, you may consider whether Mr. Benson, pursuant to generally accepted auditing principles, did in fact certify the financial statements of the corporation as correct. You may also consider whether or not you find that Mr. Benson was informed of all the pertinent facts of which any Defendant relying upon a good faith defense may have been aware.

In his defense, Mr. Harris, has directed your attention to former employees and their associates. Mr. Harris's contention is that former Conversion Solutions Holding Corporation executives and associates brought falsified bonds and other documents to obtain large salaries and bonuses, but that they concealed their misconduct from him.

You must remember that by presenting a defense and pointing out evidence to you that Mr. Harris has not assumed any burden of proof. Throughout the trial the burden of proof remains on the Government. However, you can consider the defense presented by Mr. Harris, along with all of the other evidence in deciding if the Government has proven its case beyond a reasonable doubt.

## Conspiracy to Commit Securities and/or Wire Fraud (Count One)

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of securities and/or wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

14

The Defendant can be found guilty of this conspiracy offense only if both of the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit securities and/or wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## Multiple Objects of a Conspiracy

In this case, regarding the alleged conspiracy, the indictment charges that the Defendants conspired to commit securities fraud and to commit wire fraud.  In other words, the Defendants are charged with conspiring to commit two separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit both crimes.  It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit one of those crimes.  But to return a verdict of guilty, you must all agree on which of the two crimes the Defendant conspired to commit.

## Securities Fraud
### (Count Two)

Count 2 charges that Rufus Paul Harris, Benjamin Stanley and Darryl Horton knowingly executed a scheme to defraud holders of CSHC's securities and others in connection with CSHS's securities.  The crime of committing or attempting to commit securities fraud can be shown in either of the following two ways:

(1) Title 18, United States Code, Section 1348(1) makes it a federal crime or offense for anyone to knowingly execute or attempt to execute a scheme or artifice to defraud any person in connection with any security of

an issuer of a class of securities registered under the Securities Exchange Act of 1934 or of an issuer that is required to file reports under that Act; and

(2) Title 18, United States Code, Section 1348(2) makes it a federal crime for anyone to knowingly execute or attempt to execute a scheme or artifice to obtain by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under the Securities Exchange Act of 1934 or that is required to file reports under that Act.

Each of the two alternative ways of committing or attempting to commit securities fraud is explained in more detail below.

Section 1348(1)

The Defendants can be found guilty of securities fraud in violation of Title 18, United States Code, Section 1348(1) only if each of the following three elements is proven beyond a reasonable doubt:

First: That the Defendants executed or attempted to execute a scheme or artifice to defraud a person in connection with CSHC's securities;

17

Second: That the Defendants acted knowingly and willfully and with an intent to defraud; and

Third: That CSHC was an issuer that registered its securities under section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under section 15(d) of the Securities Exchange Act of 1934.

Section 1348(2)

The Defendants can be found guilty of securities fraud in violation of Title 18, United States Code, Section 1348(2) only if each of the following four elements is proven beyond a reasonable doubt:

First: That the Defendants executed or attempted to execute a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations or promises;

Second: That the Defendants executed or attempted to execute their scheme in connection with the purchase or sale of CSHC securities;

Third: That the Defendants acted knowingly and willfully and with an intent to defraud; and

Fourth: That CSHC was an issuer that registered its securities under section 12 of the Securities Exchange Act of 1934 or was otherwise required to file reports under section 15(d) of the Securities Exchange Act of 1934.

The following definitions may help in your deliberations.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations or promises.

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, provided it is made or caused to be made with intent to defraud.  A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, provided it is made with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction.  A fact is "material" if it has a natural tendency to influence the decision of the person or entity to whom or to which it is addressed.  A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

Fraudulent conduct may be "in connection with" a security if you find that the alleged fraudulent conduct touched upon the security, or was of a sort that would cause a reasonable investor to rely upon it.

The term "in connection with the purchase or sale of any security" means that the alleged fraudulent conduct occurred in some phase of a transaction involving the purchase or sale of a security.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone.

To find Defendants guilty of committing or attempting to commit securities fraud, you need find only that the Government proved beyond a reasonable doubt each element of either Section 1348(1) or Section 1348(2). However, you must address each of the alternative sections separately and if you find a defendant guilty under either of the sections, your decision must be unanimous.

## Wire Fraud
## (Counts Three Through Seven)

It is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless

indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

### False Certification of Financial Statement
### (Count Eight—Only Against Defendant Harris)

Count 8 of the Indictment charges Defendant Harris with falsely certifying an annual report filed with the Securities and Exchange Commission in violation of Section 1350(c)(1) of Title 18 of the United States Code.   In order for Defendant Harris to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First: That CSHC was an issuer of securities;

Second: That Defendant Harris, as CSHC's Chief Executive Officer, filed a certification with Securities and Exchange Commission ("SEC") representing that the 10-K identified in the Indictment fully complied with the requirements of the Securities Exchange Act of 1934, including the requirement that information contained in the 10-K fairly presented, in all

material respects, the financial condition and results of operations of CSHC; and

Third: That Defendant Harris knew that the certification described above was false.

A certification is "false" if it is untrue when made and the person making it knows that it is untrue.

### Co-Defendant's Flight

There has been evidence in this case that on May 24, 2011, Defendant Harris failed to appear in Court for the remainder of the trial proceedings. The Government has argued to you that Defendant Harris' flight shows a consciousness of guilt on his part and his part only. I therefore instruct you as follows:

Intentional flight by a person immediately after a crime has been committed or after that person has been accused of a crime that has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the Jury in the light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not Defendant Harris's conduct constituted flight is exclusively for you, as the Jury, to determine.  And if you do so determine whether or not that flight showed a consciousness of guilt on his part, the significance to be attached to that evidence is also a matter exclusively for you as a jury to determine.

I do remind you that in your consideration of any evidence of flight, if you should find that there was flight you should also consider that there may be reasons for this which are fully consistent with innocence.  And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.  Furthermore, I instruct you as I have before that you must consider the case of each Defendant separately and individually and you should not consider the evidence of Defendant Harris' flight as having any negative effect or implication as to Defendants Stanley and Horton.

## Cautionary Instruction

You have heard testimony about actions the SEC took against Conversion Solutions Holding Corporation.  As I mentioned earlier, this case before you concerns criminal charges later brought through a grand jury indictment against the defendants on trial.  Any actions taken by the

SEC involved different legal issues, different legal standards, and a different burden of proof. In this criminal action, the Government must prove its case beyond a reasonable doubt. The defendants have no burden to prove anything and are presumed innocent.

## Instruction as to Witness's Invocation of the Fifth Amendment

On Monday you heard a witness refuse to answer questions put to him in reliance on his Fifth Amendment right against self-incrimination. I want to emphasize that you are not to draw any inferences from the decision of a witness or anyone else to exercise his or her constitutional privilege, whether those inferences be favorable to the Government or the Defendants.

## Cautionary Instruction as to Significance of Bates-Numbering

You may have already seen, and you will see when you receive the evidence, that many of the documents admitted into evidence have labels and page numbering in the lower right hand side of each page. Typically, there may be a prefix. For example, the first page of the document admitted as exhibit 8(a) has a label "MADD-E-000078." Labels such as these are sometimes called "Bates numbers" or "production numbers," and they are typically added by the parties in the case and are not part of the

original document. They do not in and of themselves mean anything of substance, and you should not infer from those labels anything about the source, authenticity or reliability of the document.

## Note-Taking

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're

discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court. A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

That ends my instructions to you at this time.  I am going to ask you to go to the jury room.  Please do not begin your deliberations in the case until we have handed you the indictment, the verdict form, and the various evidence that will come out to you.  You may retire to the jury room.

This 25th day of May, 2011.

Timothy C. Batten, Sr.
United States District Judge