IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUFUS PAUL HARRIS, ) | MOTION TO VACATE |
| ) | 28 U.S.C. § 2255 |
| Movant, ) | |
| ) | CRIMINAL INDICTMENT NO. |
| v. ) | 1:09-cr-0406-TCB-JFK-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | CIVIL FILE NO. |
| ) | 1:15-cv-0467-TCB-JFK |
| Respondent. ) | |

## **O R D E R**

This matter is before the Court on Movant Rufus Paul Harris's objections [377] to Magistrate Judge Janet F. King's Report and Recommendation (the "R&R") [375], which recommends that Harris's pro se 25 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence [356], as amended [359], be denied. Also before the Court are Harris's pro se motions to expand the record [379] to include the affidavit and all exhibits attached to his prior motion for a new trial [240], and for an evidentiary hearing [380].

As a preliminary matter, the Court GRANTS Harris's motion to expand the record [379], as all of the relevant documents have

previously been filed with the Court [240]. The Court will consider these documents in rendering this decision.

## I.   Standard of Review for a Magistrate Judge's Report and Recommendation

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or *general* objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8 (emphasis added). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's

---

routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## II. De Novo Review of the Report and Recommendation with Regard to Harris's Objections to Grounds One, Three, Four, Five, and Six

The Court has conducted a careful, de novo review of the Report and Recommendation and Harris's objections to Grounds One, Three, Four, Five, and Six thereto. For the reasons stated herein, the Court finds that Magistrate Judge King's factual and legal conclusions were correct and that Harris's objections have no merit.

### A. Ground One

Ground One of Harris's objections states that Magistrate Judge King failed to weigh physical evidence that was not presented at trial related to critical facts that are unresolved and in dispute. Specifically, Harris lists seventy-two supporting facts. These facts include, among others, the projects of his company Conversion Solutions, Inc., a timeline of its merger-acquisition agreement with The Fronthaul Group

to create Conversion Solutions Holdings Corporation, and a timeline of the changes in stock price of the new Conversion Solutions Holdings Corporation. This claim was not raised on direct appeal, foreclosing the claim unless Harris shows: (1) either actual innocence or cause or prejudice for his default, *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), and (2) actual prejudice as a result of the default. *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "Constitutionally ineffective assistance of counsel can constitute cause" for allowing the claim to default. *Id*. (quoting *Holladay v. Haley*, 209 F.3d 1243, 1254 (11th Cir. 2000)). Therefore, to establish constitutionally ineffective assistance of counsel, Harris must show: (1) deficient performance by counsel, and (2) that there is a reasonable probability that the appellate outcome would have been in Harris's favor if counsel had not performed deficiently. *See Ferrell v. Hall*, 640 F.3d 1999, 1236 (11th Cir. 2011). Harris has the burden to prove that counsel was ineffective. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).

As set forth in the R&R, the Court finds that Harris has not established ineffective assistance of counsel, and thus has foreclosed proceedings on Ground One. Specifically, Harris gave no reason that these facts were not presented at trial. If appellate counsel introduced these new facts on appeal, there is no reasonable probability that the appellate court would have considered the evidence, let alone that the outcome would have been different. *See Blackshear v. Dowling*, No. 08-13427, 2009 WL 297710, at *2 (11th Cir. Feb 9, 2009) ("We may not consider new evidence furnished for the first time on appeal." (citing *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965)). Therefore, failing to raise this evidence on appeal does not constitute ineffective assistance of counsel, and Ground One is procedurally barred.

### B.   Ground Three

Ground Three of Harris's objections states that Magistrate Judge King failed to review the physical evidence to find that there has been suppression of exculpatory evidence favorable and material to Harris's case. This claim was not raised on direct appeal, foreclosing the claim unless Harris can establish ineffective assistance of counsel.

As set forth in the R&R, the Court finds that Harris has not established ineffective assistance of counsel, and thus has foreclosed proceedings on Ground Three. Harris contends that only an edited form of exculpatory evidence, the blue sheets, was made available to him during pretrial discovery. He argues that had the complete version been available at trial, there is a reasonable probability that the result would have been different.

To prove a violation of due process by suppression of exculpatory evidence favorable to a defendant's case, Harris must prove that appellate counsel should have raised a *Brady* claim on appeal. *See Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, Harris must "prove that: (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material." *Davis v. Terry*, 465 F.3d 1249, 1254 (11th Cir. 2006).

Harris has not proven that he has a viable *Brady* claim. Magistrate Judge King found that Harris failed to show that he did not

have access to the documents or that he could not have obtained them with reasonable diligence. In his objection, Harris has not provided any additional information to persuade this Court that Magistrate Judge King's finding was incorrect. While Harris argues that the edited documents provide "motive," without more, he has not shown that the evidence is material. Therefore, failing to raise a *Brady* claim on appeal does not constitute ineffective assistance of counsel, and Ground Three is procedurally barred.

### C. Ground Four

Ground Four of Harris's objections states that he has been selectively prosecuted in this case. This claim was not raised on direct appeal, foreclosing the claim unless Harris can establish ineffective assistance of counsel.

As set forth in the R&R, the Court finds that Harris has not established ineffective assistance of counsel, and thus has foreclosed proceedings on Ground Four. Harris claims that Magistrate Judge King failed to consider that he was "a victim on the fraudulent bond investments" made by third parties. According to Harris, the

government's prosecution of him, and not those third parties, constitutes selective prosecution.

As an initial matter, if a selective prosecution is not raised before trial, it is considered waived, absent a showing of good cause. Fed. R. Crim. P. 12(b)(3)(A)(iv), (c)(3); *United States v. Jennings*, 991 F.2d 725, 730 (11th Cir. 1993). To prove a claim of selective prosecution, Harris must establish: (1) that he was "singled out for prosecution while others similarly situated have not generally been proceeded against for the type of conduct with which he has been charged," and (2) "that the decision to prosecute was invidious or in bad faith because it was based upon an impermissible factor such as race." *United States v. Burton*, 871 F.2d 1566, 1574 n.3 (11th Cir. 1989).

In his objection, Harris has not shown that he raised selective prosecution before trial, or that he had good cause for not raising selective prosecution before trial. Thus, he has waived this claim. Furthermore, even if the blue sheets do contain evidence implicating other individuals in the crime as Harris contends, he has not shown that the blue sheets prove that he was selected for prosecution based on

an impermissible factor, such as race. Therefore, failing to raise a selective prosecution claim on appeal does not constitute ineffective assistance of counsel, and Ground Four is procedurally barred.

### D.     Ground Five

Ground Five of Harris's objections states that Harris received a sentence in excess of legally permissible guidelines. This claim was not raised on direct appeal, foreclosing the claim unless Harris can establish ineffective assistance of counsel.

As set forth in the R&R, the Court finds that Harris has not established ineffective assistance of counsel, and thus has foreclosed proceedings on Ground Five. Harris's original motion argued that he was impermissibly sentenced at an offense level of thirty-nine based on losses of $44 million rather than the stipulated, conservative calculation of losses of $7 to $20 million. In his objection, Harris now argues that the stipulated amount was unreasonable, and he should have been sentenced based on the $1.8 million in convertible notes issued by him and his co-defendants.

At sentencing, the government used the blue sheets to find over $42 million in investor losses attributable to the fraud. Nonetheless, it recognized that the sentencing range would be extremely high and agreed with the parties to sentence based on a conservative estimate of losses between $7 and $20 million. This stipulation was based on losses by individuals that invested in Conversion Solutions Holdings Corporation during the period of fraud.

Harris bases this $1.8 million number on the trial court's finding that $1.8 million in convertible notes were deposited into Conversion Solutions Holdings Corporation's account between September 2005 and February 2007. This information was included in the Government's Sentencing Memorandum [270], but the government did not consider it in sentencing. Harris provides no new information or compelling reason to show that the trial court should have used this number to calculate his sentence. It is not reasonably probable that the appellate court would alter its conservative sentencing ruling based on information that was available at the sentencing hearing. Therefore, failing to raise an

excessive sentencing claim on appeal does not constitute ineffective assistance of counsel, and Ground Five is procedurally barred.

### E. Ground Six

Ground Six of Harris's objections states that Harris's sentencing counsel was ineffective in inappropriately evaluating the blue sheets for sentencing purposes. This claim was not raised on direct appeal, foreclosing the claim unless Harris can establish ineffective assistance of appellate counsel.

To establish ineffective assistance of appellate counsel, Harris must first establish ineffective assistance of sentencing counsel. In his objection, Harris simply refers the Court to the information in the blue sheets. He does not provide further information to overcome Magistrate Judge King's finding that sentencing counsel could not have learned anything from the blue sheets to change its conservative sentencing order based on $7 to $20 million in losses.

While Harris requests a lower sentence based on $1.8 million issued in convertible notes, this information was available at trial, present in the Government's Sentencing Memorandum [270], and not

considered in sentencing. The government considered investor losses as a result of fraud the appropriate number to use in determining a sentence. Harris gives no explanation for the propriety of sentencing based on the $1.8 million issued in convertible notes rather than the government's sentencing based on a conservative estimate of $7 to $20 million in losses, which the government derived from the blue sheets. Overall, Harris cannot prove that failing to dispute the sentencing criteria constitutes ineffective assistance of appellate counsel, and Ground Six is procedurally barred.

### III. Clear Error Review of the Report and Recommendation with Regard to Harris's General Objections to Ground Seven, Eight, Nine, Ten, and Eleven

Harris also objects "in general" [377] to the denial of Grounds Seven, Eight, Nine, Ten, and Eleven in the Report and Recommendation. The Court does not need to consider these general objections, other than for clear error. *Nettles*, 677 F.2d at 410 n.8. The Court finds no clear error in Magistrate Judge King's factual and legal conclusions on Grounds Seven, Eight, Nine, Ten, and Eleven.

## IV. The New Evidence Introduced and any Evidence Producible at an Evidentiary Hearing do not Alter this Decision

In reviewing Magistrate Judge King's factual and legal conclusions, the Court has considered all documents [240] requested in Harris's motion to expand the record [379]. As when these documents were originally filed in support of Harris's motion for a new trial [240], the Court has found neither the two documents that constituted newly discovered evidence, nor the additional documents that were cumulative of other evidence produced at trial, to be persuasive. *See* Order Denying Harris's Motion for New Trial [263] (referencing Government's Response in Opposition to Harris's Motion for New Trial [247]).

Harris requests an evidentiary hearing [380] to evaluate physical evidence and supporting facts presented in his objections. Harris has not specified the new evidence he would offer, and there is ample evidence in the record for the Court to render its decision. Because Harris could not introduce new evidence that would alter this decision, Harris's request for an evidentiary hearing [380] is DENIED.

## V. Conclusion

Accordingly, the Court ADOPTS AS ITS ORDER the Report and Recommendation [375] and DENIES Harris's motion to vacate, set aside, or correct his sentence [356], as amended [359].

IT IS SO ORDERED this 8th day of February, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge