IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUFUS PAUL HARRIS, ) | MOTION TO VACATE |
| ) | 28 U.S.C. § 2255 |
| Movant, ) | |
| ) | CRIMINAL INDICTMENT NO. |
| v. ) | 1:09-cr-0406-TCB-JFK-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | CIVIL FILE NO. |
| ) | 1:15-cv-0467-TCB-JFK |
| Respondent. ) | |

## ORDER

On September 13, 2016, the Eleventh Circuit Court of Appeals remanded this case to the Court for a factual determination of the date on which movant Rufus Harris delivered his *pro se* notice of appeal to prison authorities for mailing [398]. The Court in turn referred the matter to Magistrate Judge Janet F. King to conduct proceedings to make that factual determination.

The case is now before the Court on Judge King's Report and Recommendation (the "R&R") which recommends that the Court find that Harris submitted his notice of appeal for mailing on April 11, 2016. No objections to the R&R have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [403] and finds that Harris submitted his notice of appeal for mailing on April 11, 2016. The Clerk is directed to return a copy of this order to the Eleventh Circuit.

IT IS SO ORDERED this 10th day of November, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge